LAW OFFICES

# MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP

190 WILLIS AVENUE, MINEOLA, NY 11501

*Larry R. Martinez, Esq.*
*Direct Dial: (516) 747-0300 Ext. 155*
*Facsimile: (516) 237-2893*
*Email:lmartinez@meltzerlippe.com*

TELEPHONE: (516) 747-0300

FACSIMILE: (516) 747-0653

INTERNET: www.meltzerlippe.com

August 18, 2015

*Video Conference Facilities*

<u>Via Email &lt;sullivannysdchambers@nysd.uscourts.gov&gt;</u>
<u>and ECF</u>
Hon. Richard J. Sullivan
United States District Court
Southern District of New York
40 Foley Square, Room 2104
New York, NY  10007

    Re:  <u>Gregoria Mendoza, et al., v. Wax-Up NY, Inc., et al.</u>
        <u>Civil Docket No. 15 Civ. 04619 (RJS) (AJP)</u>

Dear Judge Sullivan:

  This Firm is counsel to Defendants in the above-referenced matter.  We write pursuant to Rule 2.A of Your Honor's Individual Practice Rules to request a pre-motion conference in anticipation of Defendants' motion to dismiss Plaintiffs' Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6), or, alternatively, for partial summary judgment pursuant to Fed. R. Civ. P. 56.

  On August 17, 2015, Plaintiffs filed their First Amended Complaint without leave of the Court five hours after Defendants filed a pre-motion letter requesting leave to move to dismiss Plaintiffs' original complaint.[1]  In their Amended Complaint, Plaintiffs allege Defendants, a retail establishment solely dedicated to offering hair removal services, failed to comply with, *inter alia*, the overtime and minimum wage requirements of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL.")  Plaintiff Reyes now alleges Defendants retaliated against her in violation of the Family Medical Leave Act ("FMLA").  Plaintiff Mendoza alleges Defendants violated the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL") by engaging in religious discrimination. Further, Plaintiff Reyes alleges that Defendants violated the NYSHRL and NYCHRL by engaging in purported gender discrimination.[2]  Finally, Plaintiffs now allege Defendants violated the New York City Earned Sick Leave Act ("Sick Leave Act") and an unspecified state law.

  Defendants request a pre-motion conference in anticipation of moving to dismiss the Amended Complaint or alternatively for partial summary judgment on the following grounds:  (1) Plaintiffs fail to

---

[1] In footnote Thirteen (13) of Defendants' August 17, 2015 pre-motion letter to the Court, the undersigned requested the Court decline supplemental jurisdiction over Plaintiffs' state law claims should the Court dismiss Plaintiffs' FLSA claims.  Plaintiffs' counsel has reminded the undersigned that during initial conversations after this matter was removed from State Court, the undersigned represented he would not seek remand of this matter.  In keeping with the undersigned's prior representations, Defendants now withdraw their request the Court decline to exercise supplemental jurisdiction.  Defendants nevertheless submit this issue is now moot insofar as Plaintiffs recently filed charges of discrimination with the U.S. Equal Employment Opportunity Commission asserting Title VII religious and gender based discrimination claims substantially mirroring Plaintiffs' state based discrimination claims.

[2] <u>See</u> First Amended Complaint, ECF Docket

MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP

Hon. Richard Sullivan
U.S. District Judge
August 18, 2015
Page 2

plead their wage claims with sufficient specificity as set forth in <u>Lundy v. Catholic Health System of Long Island Inc.</u>;[3] (2) Plaintiffs are exempt from the FLSA's and NYLL's overtime requirements pursuant to the Retail and Service Establishment exemption; (3) Plaintiff Reyes fails to establish her eligibility for FMLA protection; (4) Plaintiff Mendoza fails to establish a *prima facie* case of religious discrimination; (5) Plaintiff Reyes fails to provide any factual basis to support her gender discrimination claims; and (6) Plaintiff Reyes fails to establish the New York City Earned Sick Leave Act was operative at the time she claims a "violation."

As an initial matter, to survive a motion to dismiss in an FLSA case, "Plaintiffs must allege sufficient factual matter to state a plausible claim that they worked compensable overtime in a workweek longer than 40 hours."[4] In their barebones Amended Complaint, Plaintiffs fail to provide facts to allege a single week in which Plaintiffs worked more than forty (40) hours per week but did not receive overtime compensation. Plaintiffs allege they "generally" worked "approximately" "(45) hours per week or more."[5] Plaintiffs' vague allegations are exactly the "low-octane fuel for speculation" the Second Circuit held warranted dismissal.[6]

Even if Plaintiffs' Amended Complaint alleged sufficient facts to survive a motion to dismiss, Plaintiffs are, nonetheless, exempt from overtime pursuant to the Retail and Service Establishment Exemption. To qualify for the exemption, Wax-Up must demonstrate three elements: (1) Wax-Up must qualify as a "retail or service establishment;" (2) Plaintiffs must receive at least fifty percent (50%) of their income through commissions; and (3) Plaintiffs must have been paid a regular rate that calculates to at least one and one-half times the statutory minimum wage for all hours of work performed per week.[7] Defendants satisfy each of the three elements necessary to qualify for the exemption.

First, Wax-Up unequivocally qualifies as a retail or service establishment insofar as it exclusively devotes its business to the service of body hair removal, and exceeds the seventy-five percent (75%) revenue requirement.[8] Second, Wax-Up also satisfies the second element of the exemption because, as they readily concede in their Amended Complaint, Plaintiffs received more than fifty-percent (50%) of their wages in commission.[9] Finally, the third element of the exemption is satisfied because Plaintiffs' "regular rate" of pay consistently exceeded one and one-half times the statutory minimum wage.

In a good faith effort to resolve this matter, Defendants provided Plaintiffs with significant legal authority and payroll records to support their position that Plaintiffs are exempt under the Retail and Service Establishment Exemption. Additionally, Defendants provided Plaintiffs' counsel with detailed calculations, with paystubs, wage notices, and timesheets from 2011 to the present to demonstrate Plaintiffs qualify for the exemption. However, Plaintiffs' rejected Defendants' sound position without

---

[3] Plaintiffs assert their NYLL claims on behalf of a "Class" pursuant to C.P.L.R. § 901. Based on their admissions in paragraph 14 of the Amended Complaint, Plaintiffs fail to meet the requite "numerosity" requirement.
[4] <u>Lundy v. Catholic Health System of Long Island Inc.</u>, 711 F.3d 106 (2d Cir. 2013).
[5] <u>See</u> Amended Complaint at ¶¶ 27, 29, 30, 33, 44.
[6] <u>Lundy</u>, 711 F.3d at 114.
[7] <u>See</u> 29 U.S.C. § 207(i) adopted by the NYLL through 12 N.Y.C.R.R. § 142-2.2.
[8] <u>See</u> <u>Schwind v. EW & Associates, Inc.</u>, 371 F. Supp. 2d 560, 566 (S.D.N.Y. 2005).
[9] <u>See</u> Amended Complaint, ¶ 52.

710494-1

MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP
Hon. Richard Sullivan
U.S. District Judge
August 18, 2015
Page 3

providing any relevant factual or legal authority. Accordingly, Defendants now seek leave to dismiss Plaintiffs' wage and hour claim.

Plaintiffs' Amended Complaint includes vague allegations Defendants retaliated against Plaintiff Reyes in violation of the FMLA. However, Plaintiff Reyes fails to assert any facts alleging Defendants qualify as an employer pursuant to the FMLA, Reyes was eligible for, or exercised any rights protected under the FMLA.[10] In fact, Plaintiff Reyes has failed to provide a single *fact* to establish a claim under the FMLA.

As set forth in Defendants' August 17, 2015 correspondence, Plaintiff Mendoza cannot establish Defendants failed to provide her with a reasonable accommodation because she admits in her Amended Complaint they implemented both the dress code and schedule accommodations she proposed. Nor does Plaintiff Mendoza state any fact establishing she suffered an adverse employment action. Plaintiff resigned her position despite Defendants' willingness to engage in an interactive process to accommodate her religious observance.[11] Finally, Defendants seek leave to dismiss Reyes' purported gender discrimination claim to the extent Reyes has failed to provide any facts to support any contention she was "targeted" because of her gender or that she was somehow forced to resign.[12]

Plaintiffs further allege Defendants violated the Sick Leave Act during an unspecified time period. The Sick Leave Act became effective on April 1, 2014. As currently pleaded, Plaintiffs fail to provide a single date to indicate when any purported violation occurred, and, therefore, whether the Sick Leave Act was even operative at the time of the alleged violation.[13]

In light of the foregoing facts and law, Plaintiffs' FLSA, FMLA, NYLL, NYSHRL and NYCHRL and Sick Leave Act claims are patently without merit and unsupported by facts. Defendants therefore respectfully request a pre-motion conference to obtain permission to move this Court to dismiss Plaintiffs' complaint in its entirety, or alternatively, to move for partial summary judgment. We thank the Court for its attention to this matter.

Respectfully submitted,

Larry Martinez, Esq.

cc:   Samiya Mir, Esq., Counsel for Plaintiffs (via ECF)

---

[10] Milne v. Navigant Consulting, No. 08-8964, 2010 WL 4456853, at *10 (S.D.N.Y. Oct. 27, 2010).
[11] See Amended Complaint, ¶¶ 70, 72, 79.
[12] Dowrich-Weeks v. Cooper Square Realty, Inc., 535 Fed.Appx. 9, 11 (2d Cir. 2013) (citations omitted).
[13] In conjunction with their Sick Leave Act claim, Plaintiffs refer to a non-existent New York "State law" requiring paid sick leave.