

November 30, 2015

**via ECF**
Hon. Richard J. Sullivan
United States District Court
Southern District of New York
40 Foley Square, Room 2104
New York, NY 10007-1312

        Re:    *Gregoria Mendoza and Doricel Reyes v. Wax Up NY, Inc., et al,*
                Civil Docket Number: 15 Civ. 04619 (RJS) (AJP)
                Request for Approval of Settlement Agreement

Dear Judge Sullivan:

    Katona & Mir, LLP represents plaintiffs Gregoria Mendoza and Doricel Reyes (collectively, the "Plaintiffs") and Meltzer, Lippe, Goldstein & Brietstone, LLP represents defendants Wax Up NY, Inc. (d/b/a Uni K Wax), Pascal Benoudiz, and Moises Briceno (collectively, the "Defendants") in the above-referenced matter. The Parties write jointly pursuant to Judge Andrew J. Peck's Order dated November 12, 2015 to provide Your Honor with a letter motion requesting Your Honor approve the Parties' proposed settlement terms and explaining the basis of the settlement pursuant to *Cheeks v. Freeport Pancake House Inc.*, 796 F.3d 199 (2d Cir. 2015).

    On November 12, 2015, the parties participated in a settlement conference before Judge Peck. At the November 12, 2015 settlement conference, the Parties agreed to a conditional settlement pending Your Honor's approval of the terms of the settlement. Thereafter, the Court issued an order dated November 12, 2015 directing the parties to provide Your Honor with an explanation of why the settlement is fair and Motion to Approve in accordance with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d. Cir. Aug. 7, 2015). See Transcript dated November 12, 2015, attached as Exh. A. The parties agreed that Plaintiffs will receive $71,000.00 in total, $23,666.66 of which will be paid to their counsel for their fees and $239.96 in costs. The signed proposed settlement agreement is attached with a breakdown of what portion of the settlement will be attributable to (1) payment of wages and liquidated damages pursuant to the FLSA and NYLL; (2) attorneys' fees; and (3) compensatory damages based on Plaintiffs' discrimination and retaliation claims. See Proposed Settlement Agreement, attached as Exh. B. In addition to the attached agreement and transcript, the parties also provide this explanation and

statement for approval of the settlement with respect to Plaintiffs' FLSA claims in accordance with *Cheeks v. Freeport Pancake House, Inc.*

**Background:**

By way of brief background, Plaintiffs bring this hybrid action alleging wage and hour as well as retaliation and discrimination claims. Specifically, Plaintiffs allege minimum wage and overtime violations, religious discrimination, disability discrimination, and multiple violations of New York State Labor Law (NYLL). Plaintiffs have also asserted claims under the Fair Labor Standards Act (FLSA), Family Medical Leave Act (FMLA), New York State Human Rights Law, New York City Administrative Code and other applicable laws. Defendants vehemently dispute the Complaint allegations in their entirety. However, in recognition of the cost of continued litigation the parties have agreed to a mutual resolution of this matter without admission of any liability. The key underlying facts and legal issues as it pertains to Plaintiffs' wage and hour allegations are disputed in this case, including but not limited to the following:

- Whether Plaintiffs were exempt from overtime and minimum wage requirements under the Retail and Service Establishment Exemption. Even if Plaintiffs were subject to the exemption, there is a question as to whether there were weeks during Plaintiffs' employment where the exemption could not be applied, and, thus, whether there were weeks where Defendants violated overtime and minimum wage requirements. Further, there is a dispute as to whether Defendants' violations, if any, were willful.

**Proposed Settlement**

The parties engaged in settlement negotiations on their own and then, as stated above, ultimately had a successful settlement conference before Judge Peck. Under the proposed agreement, Defendants will pay seventy-one thousand dollars ($71,000.00) to Plaintiffs in full satisfaction of all claims they may have against the Defendants, and the parties will exchange mutual releases and non disparagement obligations.

The amounts are allocated as follows:
- $239.96 in costs (filing, copying, transcript)
- $23,666.66 for attorneys' fees, which represents 1/3 of the total settlement amount as per Plaintiffs' retainer agreement with Plaintiffs' counsel.
- $20,890.63 in wages for Mendoza ($9,286.83 for discrimination and $11,603.80 for wage and hour violations); and $11,603.80 in liquidated damages. Total for Mendoza is $32,494.43
- $13,306.71 in wages for Reyes ($12,014.47 for discrimination and $1,292.24 for wage and hour violations); and $1,292.24 in liquidated damages. Total for Reyes is $14,598.95.

The amounts allocated between each Plaintiff are based on calculations that were provided to the Defendants and that were discussed during the settlement conference.

**Standard of Review**

In determining whether to approve a proposed FLSA settlement, courts within the Southern District consider the following:

> (1) A plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their claims and defenses, (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

See *Lopez v. Nights of Crabia, LLC*, 96 F. Supp. 3d 170 (S.D.N.Y. 2015).

It is both parties' position that the settlement amounts and allocations are appropriate. With regard to the attorneys' fees, the Plaintiffs reviewed and signed a retainer agreement that sets the attorneys' fees at 1/3 of the total settlement payment, which is reasonable, in light of the many legal issues in this case, multiple plaintiffs, and the amount of work that has been done on this case. Moreover, Plaintiffs' attorneys' billable hours demonstrate that if they were billing at their normal hourly rate, the amount would have exceeded $23,906.62. A list of the billable hours can be provided to the Court if needed.

With regard to the wages and liquidated damages allocated to Plaintiffs, as discussed above, this matter does not concern a simple issue of an employee not being paid properly and a calculation of that pay differential. Rather, there are disputed questions such as whether Plaintiffs are exempt employees under the Fair Labor Standards Act and the New York Labor Law, and whether Defendants' conduct was willful. In addition, the Plaintiffs have discrimination claims with facts that are in dispute. Considering all of the legal and factual disputes, the Plaintiffs are being fairly compensated for the alleged violations.

In addition to the agreement concerning the settlement sum, the parties also agreed to terms on the record before Judge Peck to be included in the memorialized agreement attached hereto as Exhibit B. First, the parties agreed to mutual non-disparagement clauses which Judge Peck approved. See transcript, p. 10. See also *Caprile v. Harabel Inc. d/b/a Village Launderette, et al.*, No. 14-CV-6386, 2015 WL 5581568, at *1 (Sept. 16, 2015) (approving settlement agreement in FLSA wage and hour case including mutual non-disparagement provision).

Second, the parties agreed to include mutual general releases as part of the terms of the settlement. As memorialized in the Settlement Conference Transcript on page 5, Judge Peck when addressing the inclusion of mutual general releases, noted:

> while there is some question under the FLSA as to overbroad releases, in this case, there are non-FLSA, discrimination, and other claims that dismissal would generally take care of it, but in an overabundance of caution, and as long as there is the quid pro quo of the release being mutual so the plaintiffs are getting

released by the defendants, as well, presumptively Judge Sullivan would be able to approve that.

Judge Peck's approval of the mutual general release is in line with similar post-Cheeks fairness reviews conducted by courts in this district., in *Souza v. 65 St. Marks Bistro*, Judge Cott held *Cheeks* did not foreclose parties from including general release language in an FLSA settlement. No. 15-cv-327, 2015 WL 6798807, *2 (S.D.N.Y. Nov. 6, 2015). Judge Cott described several factors that support a court approving a general release in the FLSA context. First, the Court observed in a non-class action case, like the instant matter, each Plaintiff is aware of any and all potential outstanding claims. Second, as in this matter, Plaintiffs, assisted by counsel, can determine if they believe the settlement terms are fair. Third, Plaintiffs also benefit from a mutual general release in which defendants also release plaintiffs from all potential outstanding claims. All three factors are satisfied in this matter.

Finally, and of critical importance, this case is not *only* an FLSA wage and hour matter. Plaintiffs asserted a litany of discrimination and retaliation claims under federal, state and city law. In light of Plaintiffs' broad and far-reaching allegations, Defendants are not leveraging a wage and hour settlement for a general release. Ultimately and as it pertains to this Court's *Cheeks* based review of the attached agreement, the parties submit that the value of the non-wage and hour claims was specifically factored into the final settlement amount.

The parties engaged in settlement discussions and ultimately, were able to negotiate this agreement with the assistance of Judge Peck. It was aggressively negotiated, at arms-length, by experienced counsel, with no fraud or collusion. *See, e.g., Hernandez v. Anjost Corp.*, 2013 WL 4145952 at *2 (S.D.N.Y. Aug. 4, 2013) ("The assistance of an experienced mediator . . . reinforces that the Settlement Agreement is non-collusive."); *Capsolas v. Pasta Res. Inc.*, 2012 WL 1656920 at *1 (S.D.N.Y. May 9, 2012) ; *In re Penthouse Executive Club Comp. Litig.*, 2013 WL 1828598 at *2 (S.D.N.Y. Apr. 30, 2013) ("A settlement . . . reached with the help of third-party neutrals enjoys a presumption that the settlement meets the requirements of due process.").

In short, the parties respectfully submit this proposed settlement agreement does not raise any of the concerns outlined by the Second Circuit in *Cheeks v. Freeport Pancake House, Inc.* See *Cheeks*, 796 F.3d at 206. The agreement represents a compromise and settlement of regarding a bona fide dispute concerning Plaintiffs' FLSA and non FLSA claims. The parties reached the agreement to prevent continuing with costly litigation. Finally, Plaintiffs' counsel submits the attorneys' fees are reasonable and less than what would have been paid at the firm's hourly rates, the settlement for wages and discrimination claims fairly compensates the employees, and the releases are mutual.

**Conclusion**

Accordingly, we respectfully request that Your Honor approve the proposed settlement agreement and that this matter be closed. Thank you for your courtesies in this matter.

Respectfully Submitted,

| | |
|---|---|
| **Katona & Mir, LLP**<br>*Attorneys for Plaintiffs*<br><br>By: _____<br>By: Samiya Mir<br>49 W. 37th Street, 7th Fl.<br>New York, NY 10018 | **Meltzer, Lippe, Goldstein & Brietstone, LLP**<br>*Attorneys for Defendants*<br><br>By: _____<br>By: Jeffrey Douglas<br>Larry Martinez<br>190 Willis Ave.<br>Mineola, NY 11501 |