```
                                                                  1
    FBCOMENC

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   Georgia Mendoza,

4                  Plaintiff,

5            v.                              15 Cv. 4619 (RJS)

6   Wax Up NY, Inc. (d/b/a Uni K
    Wax) et al.,
7
                   Defendants.
8
    ------------------------------x
9                                            New York, N.Y.
                                             November 12, 2015
10                                           4:37 p.m.

11  Before:

12                      HON. ANDREW J. PECK,

13                                           Magistrate Judge

14                           APPEARANCES

15  KATONA & MIR, LLP
         Attorneys for Plaintiffs
16  SAMIYA N. MIR

17  MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP
         Attorneys for Defendants
18  JEFFREY DOUGLAS
    LARRY R. MARTINEZ
19

20

21

22

23

24

25

                  SOUTHERN DISTRICT REPORTERS, P.C.
                          (212) 805-0300
```

FBCOMENC

1          THE COURT:  We are on the record in the case of
2   Gregoria Mendoza and Doricel Reyes against Wax Up NY,
3   Incorporated, Pascal Benoudiz, and Moises Briceno, 15 Civ.
4   4619, to record the conditional settlement agreement that the
5   parties have reached subject to the Court's -- that is Judge
6   Sullivan's -- approval, because this is a case involving claims
7   under the FLSA, and under the Cheeks against Pancake House
8   Second Circuit recent decision requires judicial approval.
9          I will state the basic terms as I understand them, and
10  ask counsel and their clients to pay careful attention, stop me
11  if anything needs to be clarified, and at the end I'll be
12  asking counsel and clients to confirm the agreement.
13         Now I will stop to let Mr. Martinez translate for
14  Mr. Benoudiz what I've just said.
15         Defendants have agreed to amicably resolve this
16  dispute without any admission of fault or liability on the
17  following terms:
18         Defendants will pay the sum of $71,000 to plaintiffs
19  and their counsel, and the payment will be made in installments
20  as follows:
21         $50,000 will be paid 30 days after Judge Sullivan's
22  approval of the settlement agreement, but in any event, no
23  sooner than January 5, 2016, should settlement occur prior to
24  approximately December 5.
25         The remaining 21,000 will be paid in three monthly

FBCOMENC

3

1  installments of $7,000 each, with the first installment being
2  paid 30 days after the $50,000 upfront payment, and the second
3  and third of those payments 60 and 90 days after the $50,000
4  upfront payment.
5      By way of example, and not in any way otherwise
6  binding, if the $50,000 payment is made on January 5, 2016,
7  then the first $7,000 monthly installment would be due on
8  February 5, 2016.
9      In the event the due date for any monthly installment
10 falls on a weekend or holiday, payment would be due the
11 immediately following Monday.
12     The settlement, as I've already said, because it's an
13 FLSA settlement, is subject to Judge Sullivan's approval, and
14 if not approved by him, then nothing in this settlement
15 agreement can be used in any way in the litigation.
16     Plaintiff's counsel shall prepare an allocation
17 statement and present it to defense counsel showing the
18 allocation of the $71,000 between and among each of
19 Ms. Mendoza, Ms. Reyes, and attorneys' fees, and further
20 allocating how much is for FLSA wages and how much is for FLSA
21 or New York labor law liquidated damages and/or payment for the
22 discrimination claims in the lawsuit.
23     Amounts for wages, whether under the FLSA, the
24 New York labor law, or any of the discrimination claims, shall
25 be taxable to the plaintiffs.  A W-2 for each plaintiff will be

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

FBCOMENC
4

1    prepared, and the appropriate withholding -- FICA, social
2    security, et cetera, et cetera -- will be withheld from the
3    payments and remitted to the IRS or state taxing authorities.
4           Amounts for legal fees will generate a 1099 to the
5    Katona & Mir, LLP firm.  Amounts, if any, for FLSA or New York
6    labor law liquidated damages will generate no withholding but a
7    1099 to Ms. Mendoza and/or Ms. Reyes.  Obviously, the
8    plaintiffs will be responsible for paying their own taxes.
9           In addition to the allocation that Ms. Mir will
10   prepare, it will be her responsibility to present this
11   transcript, as well as the allocation agreement, or a more
12   formal settlement agreement, if the parties choose to draft it
13   as such, along with an explanation and motion to Judge Sullivan
14   to approve the settlement under the Cheeks approach.
15          Obviously, the sooner that is submitted to Judge
16   Sullivan, the sooner it will trigger payments, or at least will
17   get it on Judge Sullivan's desk to trigger his approval, which
18   will then trigger payment obligations, so I'm not going to set
19   a specific deadline, but obviously, it's in the plaintiff's
20   interest to get that to Judge Sullivan as soon as possible.
21          (Discussion off the record)
22          THE COURT:  When we were off the record, counsel
23   informed the Court that they would like a formal settlement
24   agreement.  Defense counsel stated they will take a first stab
25   at it and agreed they will present that to plaintiff's counsel

FBCOMENC
                                                                    5

 1    for review and approval within one week from tomorrow, not one
 2    week from today.
 3            (Discussion off the record)
 4            THE COURT:  In discussions off the record, the only
 5    two additional terms that will be in the formal settlement
 6    papers is a simple agreement with no penalty clause or anything
 7    else on mutual nondisparagement, meaning neither side is
 8    permitted to say anything negative about the other on a
 9    going-forward basis, and mutual general Blumberg releases with
10    the thought being that, while there is some question under the
11    FLSA as to overbroad releases, in this case, there are
12    non-FLSA, discrimination, and other claims that dismissal would
13    generally take care of it, but in an overabundance of caution,
14    and as long as there is the quid pro quo of the release being
15    mutual so the plaintiffs are getting released by the
16    defendants, as well, presumptively Judge Sullivan would be able
17    to approve that.  Obviously, if he doesn't, you will need to
18    think on both sides as to whether that is really necessary
19    other than the dismissal.
20            Those are the only other terms other than what I've
21    already described that should be in the formal documentation.
22            Obviously, the parties are free to agree jointly on
23    other things, but if push comes to shove and you're coming back
24    to the Court, I'm going to limit the settlement agreement to
25    what has been stated on the record here today, so that's why

```
                                                                  6
     FBCOMENC

1    I'm going on the record.
2              (Discussion off the record)
3              THE COURT:  The parties further agree that, in the
4    event any of the installment payments, including the first
5    $50,000 payment, is not made when due, then plaintiffs' counsel
6    shall give notice to Mr. Douglas and Mr. Martinez on behalf of
7    defendants, and defendants will have five business days'
8    opportunity to cure any such default.
9              If they cure the default, then the payment plan goes
10   on as scheduled.  If they do not, then plaintiffs can come to
11   the Court, and can come to me if the settlement agreement so
12   states, and the Court will retain jurisdiction for that
13   purpose, whether it's in front of me or Judge Sullivan, and get
14   judgment entered for the entire balance.
15             In other words, if the $50,000 upfront payment is
16   made, and this is just an example, and the first of the three
17   $7,000 installments is not made and not made after being given
18   five days to cure, then the entire $21,000 balance is due, and
19   judgment can be entered accordingly, including the provision
20   for attorneys' fees in connection with the collection efforts.
21             Finally, and I may have said this already, but in case
22   I didn't, the settlement agreement will provide that, upon
23   Judge Sullivan's approval, the case is dismissed with prejudice
24   and without cost beyond the $71,000 settlement amount.
25             Ms. Mir, as counsel of record for the plaintiffs and
                   SOUTHERN DISTRICT REPORTERS, P.C.
                             (212) 805-0300
```

1    subject to their assent that I will ask for next, do you agree
2    to the terms of settlement?
3              MS. MIR:  Yes, your Honor.
4              THE COURT:  Ms. Mendoza, please stand.  Having gotten
5    the advice of your attorney, Ms. Mir, do you agree to the terms
6    of the settlement?
7              MS. MENDOZA:  Yes.
8              THE COURT:  Do you understand, though, we haven't
9    worked out the numbers that the 71,000 in some fashion will be
10   divided among you, Ms. Reyes, and your attorneys, and there
11   will not be any additional attorneys' fees paid by the
12   defendants?
13             MS. MENDOZA:  Yes.
14             THE COURT:  Thank you.
15             Ms. Reyes, please stand.  Same question as I asked
16   Ms. Mendoza.  Having gotten the advice of your attorney, and
17   knowing that there will be some allocation between you,
18   Ms. Mendoza, and counsel, and indeed that it appears your share
19   is much smaller than Ms. Mendoza, do you agree to the terms of
20   the settlement?
21             MS. REYES:  Yes.
22             THE COURT:  Thank you.
23             Mr. Douglas, as counsel of record, along with
24   Mr. Martinez, for all three defendants, and subject to
25   Mr. Benoudiz's assent that I'll ask for next, do you agree to

```
                                                                    8
       FBCOMENC
 1     the terms of settlement?
 2              MR. DOUGLAS:  Yes, your Honor.
 3              MR. MARTINEZ:  Yes, your Honor.
 4              THE COURT:  Mr. Benoudiz, having gotten the agreement
 5     translated for you by Mr. Martinez, do you understand all the
 6     terms of the settlement?
 7              MR. BENOUDIZ:  Yes, yes.
 8              THE COURT:  On behalf of yourself and the other
 9     defendants, are you authorized to and do you agree to the terms
10     of the settlement?
11              MR. BENOUDIZ:  Yes.
12              THE COURT:  Both sides having agreed, you have a
13     conditionally binding settlement agreement subject to Judge
14     Sullivan's approval.
15              I direct both sides to obtain the transcript from the
16     court reporter which results in a 50/50 splitting of the costs,
17     not a doubling of the costs.
18              With that, I wish all the parties good luck.  I thank
19     you for your efforts today, which took longer than I might have
20     anticipated, but has resulted in a settlement.
21              With that, we are adjourned and dismissed.
22              MS. MIR:  Thank you, your Honor.
23              MR. DOUGLAS:  Thank you, your Honor.
24              (Adjourned)
25
```