# AGREEMENT AND GENERAL RELEASE

Wax Up NY, Inc., Pascal Benoudiz, Moises Briceno and the aforementioned entities' divisions, affiliates, subsidiaries, parents, corporations under common ownership or control or related business entities, predecessors, successors, management companies, leasing and payroll companies, assigns, officers, directors, members, partners, trustees, employees, agents, actuaries, accountants, stockholders, administrators, representatives, attorneys including without limitation attorneys who appeared in this action, insurers or fiduciaries, past, present or future (collectively "Defendants"), and Gregoria Mendoza ("Mendoza") and Doricel Reyes ("Reyes") (collectively as "Plaintiffs"), desire to avoid the costs, risks, and delays associated with litigation and to put to rest any and all possible disputes between the parties and therefore agree as follows:

1. **Definition of Parties**.

    a. "Plaintiffs" shall be defined to include, but is not limited to, Gregoria Mendoza and Doricel Reyes, and all affiliated persons or entities, including, but not limited to, their present or former domestic partner, spouse, dependents, heirs, assigns, successors, creditors, debtors, counsel and any otherwise affiliated or related persons and entities. If an obligation or right is that of Gregoria Mendoza personally, she will be referred to as "Mendoza." If an obligation or right is that of Doricel Reyes personally, she will be referred to as "Reyes."

    b. "Defendants" shall be defined as Wax Up NY, Inc., Pascal Benoudiz, Moises Briceno and the aforementioned entities' divisions, affiliates, subsidiaries, parents, corporations under common ownership or control or related business entities, predecessors, successors, management companies, leasing and payroll companies, assigns, officers, directors, members, partners, trustees, employees, agents, actuaries, accountants, stockholders, administrators, representatives, attorneys including without limitation attorneys who appeared in this action, insurers or fiduciaries, past, present or future

    c. "Action" or "Lawsuit" refers to the lawsuit filed by Plaintiffs against Defendants on May 28, 2015, in New York State Supreme Court, New York County. On June 15, 2015, Defendants removed this action to the United States District Court for the Southern District of New York, with Civil Action Number: 15-CV-04619 (RJS)(AJP).

2. **Consideration**. In consideration for Plaintiffs signing this Agreement and the release of all claims herein, Defendants agree to pay seventy-one thousand dollars ($71,000.00) distributed as follows:

    a. Thirty (30) days following the Court's approval of this settlement agreement, but not sooner than January 5, 2016, Defendants shall issue five (5) checks, as follows:

        1. A check to "Katona & Mir LLP" in the amount of twenty-three thousand nine hundred six dollars and sixty-two cents

($23,906.62) allocated as attorney's fees and costs for which Defendants will issue an IRS Form 1099;

2.  A check to "Gregoria Mendoza" in the amount of eleven thousand six hundred three dollars and eighty cents ($11,603.80) allocated as liquidated damages for which an IRS Form 1099 will be issued;

3.  A check to "Gregoria Mendoza" in the amount of six thousand four hundred dollars and sixty-three cents ($6,400.63) less all applicable federal, state and local tax withholdings allocated as compensatory damages for Mendoza's discrimination allegations for which an IRS Form W-2 will be issued;

4.  A check to "Doricel Reyes" in the amount of one thousand two hundred ninety-two dollars and twenty-four cents ($1,292.24) allocated as liquidated damages for which an IRS Form 1099 will be issued;

5.  A check to "Doricel Reyes" in the amount of six thousand seven hundred ninety-six dollars and seventy-one cents ($6,796.71) less all applicable federal, state and local tax withholdings allocated as compensatory damages for Reyes's discrimination allegations for which an IRS Form W-2 will be issued.

b.  Thirty (30) days following the due date for the first installment, Defendants shall issue two (2) checks as follows:

1.  A check to "Gregoria Mendoza" in the amount of four thousand eight hundred thirty dollars and zero cents ($4,830.00) less all applicable federal, state and local tax withholdings allocated as compensatory damages for Mendoza's discrimination allegations and unpaid wages for which an IRS Form W-2 will be issued;

2.  A check to "Doricel Reyes" in the amount of two thousand one hundred seventy dollars ($2,170.00) less all applicable federal, state and local tax withholdings allocated as compensatory damages for Reyes's discrimination allegations for which an IRS Form W-2 will be issued.

c.  Sixty (60) days following the due date for the first installment, Defendants shall issue two (2) checks as follows:

1.  A check to "Gregoria Mendoza" in the amount of four thousand eight hundred thirty dollars and zero cents ($4,830.00) less

all applicable federal, state and local tax withholdings allocated as unpaid wages for which an IRS Form W-2 will be issued;

        2.      A check to "Doricel Reyes" in the amount of two thousand one hundred seventy dollars and zero cents ($2,170.00) less all applicable federal, state and local tax withholdings allocated as compensatory damages for Reyes's discrimination allegations for which an IRS Form W-2 will be issued;

    d.      Ninety (90) days following the due date for the first installment, Defendants shall issue two (2) checks as follows:

        1.      A check to "Gregoria Mendoza" in the amount of four thousand eight hundred thirty dollars and zero cents ($4,830.00) less all applicable federal, state and local tax withholdings allocated as unpaid wages for which an IRS Form W-2 will be issued;

        2.      A check to "Doricel Reyes" in the amount of two thousand one hundred seventy dollars and zero cents ($2,170.00); less all applicable federal, state and local tax withholdings allocated as compensatory damages for Reyes's discrimination allegations and unpaid wages for which an IRS Form W-2 will be issued.

    e.      The payments to Plaintiffs and their counsel described above shall be sent by certified mail to the office of Plaintiffs' counsel Katona & Mir LLP, 49 West 37th Street, 7th Floor, New York, NY  10018

    3.      **No Consideration Absent Execution of This Agreement**.  Plaintiffs understand and agree they would not receive the monies and/or benefits specified in Paragraph 2 above, except for their execution of this Agreement and the discontinuance of the Action with prejudice.

    4.      **General Release of Claims by Plaintiffs**.  In further consideration of the promises, payments and actions of Defendants set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiffs, with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever release, relieve, waive, relinquish, and discharge Defendants from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims and demands of any kind whatsoever, at law or in equity, direct or indirect, known or unknown, discovered or undiscovered, which they had, now have or hereafter can, shall or may have against Defendants, arising out of, by reason of, or relating in any way whatsoever to any matter, cause or thing from the beginning of the world through the date this Agreement is executed, including but not limited to: (i) claims arising directly or indirectly from Plaintiffs' association with Defendants, whether as independent contractors, employees, or otherwise, and the termination of that association; (ii)

claims arising directly or indirectly from the actions or inaction of Defendants; (iii) claims under federal, state or local laws, statutes, constitutions, treaties, regulations, rules, ordinances or orders, including, but not limited to, claims under the New York Labor Law, the Wage Theft Prevention Act, the New York Hospitality Wage Order, the New York Order for Miscellaneous Industries and Occupations, the Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1866, the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, the Americans with Disabilities Act of 1990, the Employee Retirement Income Security Act of 1974, the Equal Pay Act, the Immigration Reform and Control Act, the National Labor Relations Act, the Sarbanes Oxley Act, the Occupational Safety and Health Act, the Family and Medical Leave Act of 1993, the New York State Human Rights Law, the New York City Human Rights Law, the New York City Paid Sick Leave Law, each as amended, or any other federal, state, or municipal law; (iv) any claims for overtime, commissions, or unpaid wages, whether based on common law or otherwise, and specifically includes all claims for unpaid overtime, improper deductions, travel time, spread of hours pay, bonuses, penalties, expense reimbursements, gratuities, fees, tip credits, tip allowances, service charges and retained gratuities arising from Plaintiffs' employment or engagement with Defendants, and all claims for other compensation, wages, or benefits including, but not limited to, life insurance, accidental death and disability insurance, sick leave, or other employer provided plan or program, distributions of income or profit, vacation or other leave time, retirement, pensions, the use of information obtained by Defendants as a result of the offering of group health insurance coverage and/or any related penalties, damages, liquidated damages and attorneys' fees under federal, state and local law; (v) any other claim, whether for monies owed, reimbursement, attorneys' fees, litigation costs, damages, torts, intentional infliction of emotional distress, negligence, promissory estoppel, quantum meruit breach of contract, breach of an implied covenant of good faith and fair dealing, constructive discharge, wrongful discharge, defamation, fraud, misrepresentation, or otherwise, arising prior to or at the time of the execution of the Agreement, including, but not limited to, all claims asserted in the Pending Action.  This release is limited solely and only to claims that have arisen on, or prior to, the date this Agreement is executed and transmitted to counsel for Defendants and it does not release or discharge any claims that may occur after that date.  The only exclusions from this release provision are claims for unemployment insurance and workers' compensation.  Plaintiffs hereby specifically acknowledge that this Agreement, and the monies received by Plaintiffs and referenced herein, are a fair and reasonable resolution of a bona fide dispute over, among other things, a provision of the Fair Labor Standards Act and/or time worked.

5. **General Release of Claims by Defendants**. In further consideration of the promises payments and actions of Plaintiffs set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Defendants, with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever release, relieve, waive, relinquish, and discharge Plaintiffs from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims and demands of any kind whatsoever, at law or in equity, direct or indirect, known or unknown, discovered or undiscovered, which they had, now have or hereafter can, shall or may have against Plaintiffs, arising out of, by reason of, or relating in any way whatsoever to any matter, cause or thing from

the beginning of the world through the date this Agreement is executed, including but not limited to: (i) claims arising directly or indirectly from Defendants' association with Plaintiffs, whether as employers or otherwise, and the termination of that association; (ii) claims arising directly or indirectly from the actions or inaction of Plaintiffs; (iii) claims under federal, state or local laws, statutes, constitutions, treaties, regulations, rules, ordinances or orders; (iv) any other claim, whether for monies owed, reimbursement, attorneys' fees, litigation costs, damages, torts, intentional infliction of emotional distress, negligence, promissory estoppel, quantum meruit, breach of contract, breach of an implied covenant of good faith and fair dealing, defamation, fraud, misrepresentation, or otherwise, arising prior to or at the time of the execution of the Agreement.  This release is limited solely and only to claims that have arisen on, or prior to, the date this Agreement is executed and transmitted to counsel for Plaintiffs and it does not release or discharge any claims that may occur after that date.

6. **Plaintiffs' Responsibility for Taxes**. Plaintiffs assume full responsibility for their respective portion of the Settlement Payment for which no taxes are being withheld as set forth above of any and all federal, state and local taxes or contributions which may hereafter be imposed or required to be paid by Plaintiffs under any federal, state, or municipal laws of any kind, with respect to the monies paid by Defendants to Plaintiffs or their attorneys pursuant to this Agreement.  Indeed, although the parties believe, in good faith, that the tax treatment of the Settlement Payment referenced in this Agreement is proper and in compliance with applicable IRS regulations, if, notwithstanding such belief, the Internal Revenue Service or any other federal, state or local government, administrative agency or court determines that any Plaintiff and/or any Defendant is liable for any failure by any Plaintiff or their attorneys to pay federal, state or local income or employment taxes with respect to the Settlement Payment set forth in this Agreement, or liable for interest or penalties related thereto, Plaintiffs agree to hold Defendants harmless for any such liability.

7. **Timely Payment**. If Defendants fail to timely make any of the payments described above, or if a payment check fails to clear (i.e., bounces) on its respective payment date, Plaintiffs' counsel shall provide, by email to Jeffrey Douglas, Esq. at jgdouglas@meltzerlippe.com and Larry R. Martinez, Esq. at lmartinez@meltzerlippe.com as well as via U.S. Mail, a notice to cure.  Defendants shall cure the default within five (5) business days following the date on which the email notice was sent.  If the default is not cured within the five (5) business day period, Plaintiffs may appear before Magistrate Judge Peck to enter the entire balance of the judgment less any payments that were made under this Agreement.

8. **Acknowledgments and Affirmations**.

a. Plaintiffs affirm that in the Action they have asserted a claim in seeking unpaid wage or overtime pay under the Fair Labor Standards Act, the New York State Labor Law, and/or any other law, regulation or basis and affirm that there is a bona fide dispute as to such FLSA claims which are being settled and released by this Agreement.

b. Plaintiffs and Defendant acknowledge that they have no further claims, damages, losses against each other at the time of execution of this Agreement,

723217-3                                                    5

and that any and all claims that they may have had against each other are resolved by this Settlement Agreement.

       c.       Plaintiffs acknowledge and represent they are not currently suffering from any injury or disease including, but not limited to, a stress-related injury or disease caused by or in any way related to their employment with Defendants.

       d.       Nothing in this Agreement shall be construed to restrict any communication or participation Plaintiffs may have with any agency of the United States government, subdivision thereto, or any State or Municipal government agency charged with the enforcement of any law. Plaintiffs understand that although they are not prohibited from filing a charge or complaint against Defendants with any agency of the United States government, any subdivision thereto, or any State or Municipal government agency charged with the enforcement of any law by virtue of this Agreement, Plaintiffs waive any right to recover monetary damages in any charge, complaint or lawsuit filed by Plaintiffs or anyone else on Plaintiffs' behalf.

       9.       **Release Notification.**  Defendants advised and advise Plaintiffs to discuss the terms of this Agreement and release of claims with their legal counsel.  Plaintiffs acknowledges they did so; it is their choice to waive any potential claims in return for the benefits set forth herein; and, said choice was made after careful thought, and after consulting with their attorneys.  Plaintiffs represent that they have been advised to and did consult legal counsel regarding this Agreement. Plaintiffs further represent that after having had a full opportunity to review and consider the terms and conditions of this Agreement, and having discussed them with any member of their immediate family, counsel or financial advisor of their own choosing, and having had sufficient time to review and consider this Agreement, Plaintiffs fully understand all of the provisions of this Agreement and have executed same freely and voluntarily.

       10.       **Governing Law and Interpretation**.  This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict or choice of law provisions.  In the event the Plaintiffs or Defendants breach any provision of this Agreement, Plaintiffs and Defendants affirm that either may institute an action to specifically enforce any term or terms of this Agreement.  If any provision of this Agreement is declared illegal or unenforceable by any court of competent jurisdiction, the parties agree the court shall have the authority to modify, alter or change the provision(s) in question to make the Agreement legal and enforceable. If this Agreement cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.  If the general release language is found to be illegal or unenforceable, Plaintiffs and Defendants agree to, as soon as possible thereafter, execute a binding replacement release(s).

       11.       **Mutual Non-Disparagement**. Plaintiffs agree not to criticize, denigrate, defame, or disparage Defendants or any of their employees.  Defendants agree that Defendants' senior level officials acting in their official capacity agree not to criticize, denigrate, defame, or disparage Plaintiffs.  This provision does not refer to or restrict any communications Plaintiffs may have with any agency of the United States government or subdivision thereto.  Further, this

provision does not in any way apply to sworn testimony Plaintiffs give in any lawsuit, action, claim, arbitration or other proceeding.

12. **Amendment**. Except as provided in Paragraph 10 above, this Agreement may not be modified, altered or changed without the express written consent of both parties wherein specific reference is made to this Agreement.

13. **Resolution of Disputes**. The parties agree that Magistrate Judge Peck shall retain jurisdiction to resolve any disputes arising out of this Settlement Agreement and the settlement of this action.

14. **Non-admission of Wrongdoing**. The parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by either party of any liability or unlawful conduct of any kind.

15. **Entire Agreement**. This Agreement sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understandings between the parties. Plaintiffs acknowledge they have not relied on any representations, promises, or agreements of any kind made to them in connection with his decision to accept this Agreement, except for those set forth in this Agreement, and Plaintiffs' consent to this Agreement is given freely, voluntarily, and with full knowledge and understanding of this Agreement's contents.

16. **Section Headings**. Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

17. **Legal Fees**. Except as provided for in this Agreement, each party will be responsible for its own legal fees or costs, if any, incurred in connection with the negotiation, settlement and delivery of this Agreement.

18. **Joint Participation in Preparation of Agreement.** The Parties participated jointly in the negotiation and preparation of this Agreement, and each party has had the opportunity to obtain the advice of legal counsel and to review, comment upon, and redraft this Agreement. Accordingly, it is agreed that no rule of construction shall apply against any party or in favor of any party. This Agreement shall be construed as if the Parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

19. **Miscellaneous.**
   a. All notices or other communication provided for or permitted herein, other than as set forth in Section 7 above, shall be in writing, and mailed by U.S. Registered or Certified Mail/Return Receipt Requested, reputable overnight express courier (Fed Ex, UPS, etc.) or sent by telecopy or other similar communication, provided that, if such communication is used, the notice is also mailed simultaneously by First-Class U.S. Mail, to the party entitled or required to receive same, at the address set forth below or at such other address

as such party shall designate by a notice given pursuant to this paragraph.  All such notices, etc., shall be deemed given when mailed in accordance with this paragraph.

    *i)*    <u>*If to Plaintiffs:*</u>
        Gregoria Mendoza or Doricel Reyes
        c/o Katona & Mir, LLP
        Samiya Mir, Esq.
        49 West 37th St., 7th Floor
        New York, NY  10018
        Fax (212) 553-7370
        smir@katonamir.com

    *ii)*    <u>*If to Defendants*</u>
        Wax Up NY, Inc., Pascal Benoudiz or Moises Briceno
        c/o Larry R, Martinez, Esq. and Jeffrey Douglas, Esq.
        Meltzer, Lippe, Goldstein & Breitstone, LLP
        190 Willis Avenue
        Mineola, NY 11501
        Fax: (516) 237-2893
        lmartinez@meltzerlippe.com
        jgdouglas@meltzerlippe.com

    b.    This Agreement may be executed in two (2) or more counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument, and in pleading or proving any provision of this Agreement, it shall not be necessary to produce more than one (1) of such counterparts.  Facsimile and or PDF transmission copies will be deemed and accepted as original in all proceedings and no objection will be raised regarding same.  The exhibits annexed hereto are specifically incorporated and made a part of this Agreement.

    c.    This Agreement shall inure to the benefit of Defendants, its successors and assigns, including, but not limited to, any corporation, individual, partnership or other entity which may acquire all or substantially all of Defendants' assets and business or with or into which Defendants may be consolidated or merged.  This Agreement and its attached exhibits shall inure to the benefit of Plaintiffs and his executors and assigns.

    d.    Each of the covenants contained herein is a separate and independent covenant.  A breach, finding of unenforceability or waiver of any one covenant herein (or of any other covenant or agreement between these parties) shall not relieve either party of any remaining obligations hereunder.

    20.    **Competency to Waive Claims**.  At the time of considering or executing this Agreement, Plaintiffs were not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired.  Plaintiffs are competent to execute this Agreement and knowingly and voluntarily waive any and all claims they may have against Defendants.

**PLAINTIFFS HAVE BEEN ADVISED THAT THEY HAVE TWENTY-ONE (21) CALENDAR DAYS TO REVIEW THIS AGREEMENT, HAVE BEEN ADVISED IN WRITING TO CONSULT WITH AN ATTORNEY BEFORE SIGNING IT AND HAVE CONSULTED WITH THEIR COUNSEL, SAMIYA MIR, ESQ. REGARDING THE AGREEMENT.**

**PLAINTIFFS AGREE THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.**

**HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS ABOVE, PLAINTIFFS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS THEY HAVE OR MIGHT HAVE AGAINST DEFENDANTS. PLAINTIFFS HAVE BEEN ADVISED PLAINTIFFS MAY REVOKE THIS AGREEMENT WITHIN SEVEN (7) DAYS OF PLAINTIFF'S EXECUTION.**

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement and General Release as of the date set forth below:

**PLAINTIFFS:**   **DEFENDANTS:**

**GREGORIA MENDOZA**   **WAX UP NY, INC.**
**PASCAL BENOUDIZ**
**MOISES BRICENO**

By:_____   By:_____

Date: _____   Print Name _____

**DORICEL REYES**   Title_____

By:_____   Date: _____

Date: _____

723217-3                                      9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

GREGORIA MENDOZA and DORICEL REYES, individually and on behalf of all others similarly-situated employees of Defendants,

                                                                          Plaintiffs,

                -against-

WAX UP NY, INC. (d/b/a UNI K WAX), PASCAL BENOUDIZ, and MOISES BRICENO

                                                                       Defendants.

------------------------------------------------------------------------ x

**FRCP 41(a)(2) Voluntary Dismissal with Prejudice**

Case No. 15 Civ.4619

      **IT IS HEREBY STIPULATED AND AGREED**, by and between the parties that pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure all claims of Gregoria Mendoza and Doricel Reyes as stated in the within action shall be, and the same hereby are, dismissed in their entirety, with prejudice and without costs and/or attorneys' fees to any party as against any other party;

      **IT IS FURTHER STIPULATED AND AGREED,** that this Stipulation may be signed in counterparts and by facsimile or electronic signature each of which shall be an original but all of which together shall constitute one and the same instrument.  This Stipulation may be filed without further notice with the Court.

Dated: December ___, 2015

**KATONA & MIR, LLP**

By: _____
   Samiya Mir, Esq.
   *Attorneys for Plaintiffs*
   Katona & Mir, LLP
   49 West 37th St., 7th Floor
   New York, NY  10018
   Tel: (212) 944-1529

So Ordered:
_____

Dated:  December___, 2015

**MELTZER, LIPPE, GOLDSTEIN, & BREITSTONE, LLP**

By: _____
   Jeffrey Douglas, Esq.
   *Attorneys for Defendant*
   190 Willis Avenue
   Mineola, NY 11501
   Tel: (516) 747-0300

UNITED STATES EQUAL
EMPLOYMENT OPPORTUNITY COMMISSION

------------------------------------------------------------------------ x

DORICEL REYES

             Claimant,

   -against-

WAX UP NY, INC. (d/b/a UNI K WAX), PASCAL
BENOUDIZ, and MOISES BRICENO

             Respondent

------------------------------------------------------------------------ x

**NOTICE OF DISMISSAL**

EEOC Charge 520-2015-03199

   **IT IS HEREBY STIPULATED AND AGREED**, by and between the parties that pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure all claims of Doricel Reyes as stated in the within charge shall be, and the same hereby are, dismissed in their entirety, with prejudice and without costs and/or attorneys' fees to any party as against any other party;

   **IT IS FURTHER STIPULATED AND AGREED,** that this Stipulation may be signed in counterparts and by facsimile or electronic signature each of which shall be an original but all of which together shall constitute one and the same instrument. This Stipulation may be filed without further notice with the Court.

Dated: December ___, 2015          Dated: December___, 2015

**KATONA & MIR, LLP**             **MELTZER, LIPPE, GOLDSTEIN, &**
                        **BREITSTONE, LLP**

By: _____     By: _____
  Samiya Mir, Esq.               Jeffrey Douglas, Esq.
  *Attorneys for Plaintiffs*            *Attorneys for Defendant*
  Katona & Mir, LLP              190 Willis Avenue
  49 West 37th St., 7th Floor          Mineola, NY 11501
  New York, NY  10018            Tel: (516) 747-0300
  Tel: (212) 944-1529
So Ordered:

_____

UNITED STATES EQUAL
EMPLOYMENT OPPORTUNITY COMMISSION
----------------------------------------------------------------------- x

GREGORIA MENDOZA

                                            Claimant,

      -against-

WAX UP NY, INC. (d/b/a UNI K WAX), PASCAL
BENOUDIZ, and MOISES BRICENO

                                             Respondent

----------------------------------------------------------------------- x

**NOTICE OF DISMISSAL**

EEOC Charge No.

      **IT IS HEREBY STIPULATED AND AGREED**, by and between the parties that pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure all claims of Gregoria Mendoza as stated in the within charge shall be, and the same hereby are, dismissed in their entirety, with prejudice and without costs and/or attorneys' fees to any party as against any other party;

      **IT IS FURTHER STIPULATED AND AGREED,** that this Stipulation may be signed in counterparts and by facsimile or electronic signature each of which shall be an original but all of which together shall constitute one and the same instrument. This Stipulation may be filed without further notice with the Court.

Dated: December ___, 2015

**KATONA & MIR, LLP**

By: _____
    Samiya Mir, Esq.
    *Attorneys for Plaintiffs*
    Katona & Mir, LLP
    49 West 37th St., 7th Floor
    New York, NY  10018
    Tel: (212) 944-1529

So Ordered:

_____

Dated:  December___, 2015

**MELTZER, LIPPE, GOLDSTEIN, &
BREITSTONE, LLP**

By: _____
    Jeffrey Douglas, Esq.
    *Attorneys for Defendant*
    190 Willis Avenue
    Mineola, NY 11501
    Tel: (516) 747-0300